UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNATHAN ALEXANDER FELDMANN, <br><br> Petitioner, <br><br> v. <br><br> ROBERT JACKSON, <br><br> Respondent. | Case No. C23-5796-TSZ-SKV <br><br> REPORT AND RECOMMENDATION |

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 10. Respondent filed an answer, raising the statute of limitations as a bar to the Court's consideration of Petitioner's petition. Dkt. 13. Petitioner failed to respond to Respondent's answer. Because the Court finds that the petition is untimely, this matter should be DISMISSED with prejudice under 28 U.S.C. § 2244(d).

I. BACKGROUND

Petitioner pleaded guilty in 2018 to one count of theft in the first degree, one count of unlawful possession of a firearm, and three counts of assault in the third degree. Dkt. 14-1 at 2–18. On August 17, 2018, the trial court sentenced Petitioner to 204 months of confinement. *Id.*

REPORT AND RECOMMENDATION - 1

at 6.  Assuming Petitioner had a right to appeal, the time for doing so expired thirty days later on September 17, 2018.  RAP 5.1 and RAP 5.2.  Petitioner did not file an appeal.

In June 2022, Petitioner filed a motion for post-conviction relief in the superior court.  Dkt. 14-1 at 20–60.  The superior court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition.  *Id.* at 62–63.  In September 2022, Petitioner also filed a separate personal restraint petition directly in the Washington Court of Appeals.  *Id.* at 65–107.  The Washington Court of Appeals consolidated the two personal restraint petitions.  *Id.* at 109.  Thereafter, on January 26, 2023, the Washington Court of Appeals dismissed the petitions as untimely under state law.  *Id.* at 111–12.

On February 20, 2023, Petitioner sought discretionary review by the Washington Supreme Court.  Dkt. 14-1 at 114–17.  The Deputy Commissioner of the Washington Supreme Court denied review, ruling that the Washington Court of Appeals correctly dismissed the personal restraint petitions as untimely under state law.  *Id.* at 119–20.  Petitioner then moved to modify the Deputy Commissioner's ruling.  *Id.* at 122–31.  The Washington Supreme Court denied that motion without comment on June 7, 2023.  *Id.* at 133.  On July 7, 2023, the Washington Court of Appeals issued a certificate of finality.  *Id.* at 135.

Thereafter, on August 31, 2023, Petitioner sought federal habeas relief in this Court.  Dkt. 1.

## II.   DISCUSSION

Petitioner raises four grounds for relief in his federal habeas petition; however, the Court need not address the merits of his claims.  Because Petitioner did not file his petition within one year after his judgment and sentence became final, the petition is barred by the applicable statute of limitations.  *See* 28 U.S.C. § 2244(d).

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, subject to certain exceptions which do not apply here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Generally, the direct review process concludes and a conviction becomes "final" when the ninety-day period for filing a petition for writ of certiorari to the Supreme Court expires or when the Supreme Court rules on a timely filed petition for writ of certiorari. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012); *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). The direct review process concludes earlier, however, when a petitioner does not appeal or does not seek review by the state's highest court. *Gonzalez*, 565 U.S. at 149–50. When a petitioner does not file a state court appeal, the direct review process concludes upon the expiration of the time for filing such an appeal. *Id.*

In this case, the superior court entered the judgment and sentence on August 17, 2018. Dkt. 14-1 at 2–18. Assuming Petitioner could have appealed from the judgment and sentence, he had thirty days, until September 17, 2018, to file such an appeal with the Washington Court of Appeals. *See* RAP 5.1 and RAP 5.2. Petitioner did not file an appeal, and the time for doing so expired. The judgment and sentence therefore became final no later than September 17, 2018, *see Gonzalez*, 565 U.S. at 149–50, and the one-year federal statute of limitations for filing a habeas action started to run on that date, 28 U.S.C. § 2244(d)(1)(A). It expired on September 17, 2019. *See* 28 U.S.C. § 2244(d)(1). Petitioner did not file his federal habeas petition until nearly four years later on August 31, 2023. *See* Dkt. 1.

While the federal statute of limitations will statutorily toll while a properly filed personal restraint petition remains pending in state court, *see* 28 U.S.C. § 2244(d)(2), a personal restraint petition filed after the federal statute of limitations has already expired cannot toll the statute of limitations, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Moreover, only a "properly filed" state court collateral challenge tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). A state court petition "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "These usually prescribe, for example . . . the time limits upon its delivery. . . ." *Id.* (footnote omitted). "[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz*, 531 U.S. at 8, 11). When the state court determines that the petition was untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (citation omitted).

Thus, under applicable law, Petitioner's personal restraint petitions did not statutorily toll the federal statute of limitations because Petitioner filed the petitions years after the federal statute of limitations had already expired and because the state court found the petitions untimely under state law, meaning they were not "properly filed" for the purposes of AEDPA. Nor has Petitioner shown that extraordinary circumstances exist that might qualify him for equitable tolling of the statute of limitations. *See Espinoza–Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Consequently, Petitioner's habeas petition is untimely and barred by AEDPA's one-year statute of limitations. This matter should be DISMISSED with prejudice.

/ / /

/ / /

REPORT AND RECOMMENDATION - 4

III.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that a certificate of appealability should be denied.

IV.   CONCLUSION

For the foregoing reasons, Petitioner's petition, Dkt. 10, is barred by the applicable statute of limitations.  This case should be DISMISSED with prejudice and a certificate of appealability should be denied.  A proposed Order accompanies this Report and Recommendation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 23, 2024**.

Dated this 29th day of January, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6